IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILBERT LEE TRAYVON LILLIE, PRO SE, § <br> TDCJ-CID No.1295138, § <br> § <br> Plaintiff, § <br> § <br> v. §    2:16-CV-0179 <br> § <br> VAMPIREZ'Z XILE, DEMANIRZ'Z, § <br> GARGOYLE'Z, DR. DARKNA DARKNEZZ, § <br> VA DARKNEZZ, ALICIA KEYS, § <br> ELISE NEAL, CALIN OF DARK, § <br> GRIFFON'Z, DRAGON'Z, and § <br> FEMENIZZ'Z, § <br> § <br> Defendants. § | |

**ORDER DENYING PAUPER STATUS AND ORDER OF DISMISSAL**

Plaintiff WILBERT LEE TRAYVON LILLIE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has submitted a certificate of trust account. The Court will construe his submission of a certificate of trust account as a request to proceed in forma pauperis because the plaintiff has not submitted a filing fee and is a recreational litigant. The Court waives the requirement that plaintiff submit an application to proceed in forma pauperis, as it would not affect the outcome of this case.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in

such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff LILLIE has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause No. 5:11-CV-0048 was dismissed by the United States District Court for the Northern District of Texas, Lubbock Division, on May 10, 2012, as frivolous, and no appeal was taken; Cause No. 4:14-CV-0397 was dismissed by the United States District Court for the Southern District of Texas, Houston Division, on March 14, 2014, as frivolous, and no appeal was taken; and Cause No. 3:14-CV-0197 was dismissed for frivolousness by the United States District Court for the Western District of Texas, El Paso Division, on June 30, 2014, and no appeal was taken.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff WILBERT LEE TRAYVON LILLIE may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if this cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to proceed in forma pauperis is DENIED.

The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

Should plaintiff later decide to pay the full filing fee, he must also submit a new complaint with the filing fee. Plaintiff is warned that if plaintiff simply submits any monies to the Court in the instant cause and fails to file a new complaint, the monies may be applied to this closed case and not refunded to plaintiff and the case not reopened.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this __22nd__ day of __August__, 2016.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE